**Jacqueline J. MORRIS–HAYES,**
**Plaintiff-appellee,**

v.

**BOARD OF EDUCATION OF the**
**CHESTER UNION FREE CITY**
**SCHOOL, Defendant,**

**John M. Canzoneri, Michael Mallon, Mary Luciana, Christine David–Collins, Michael Monroe and John Behler, Defendants-appellants.**

**No. 06–1446–cv.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2007.

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY, for plaintiff-appellee.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, NY, for defendants-appellants.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants John M. Canzoneri, Michael Mallon, Mary Luciana, Christine David–Collins, Michael Monroe, and John Behler appeal an order of February 23, 2006, denying their motion for summary judgment on plaintiff Jacqueline Morris–Hayes's First Amendment retaliation claim. Defendants argue that they are entitled to qualified immunity on Morris–Hayes's claims. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Defendants argue on appeal that Morris–Hayes cannot make out a claim for First Amendment retaliation based on the relevant speech, because her speech was made pursuant to her official job duties. Since this argument rests on *Garcetti v. Ceballos,* —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), which was decided a few months after the district court issued its opinion, the parties did not have the opportunity to develop the record related to Morris–Hayes's job duties, and the district court did not have a chance to consider this argument. As a result, the district court made no determination about the scope of Morris–Hayes's job duties or whether the relevant speech was made pursuant to these duties. We remand to allow the district court to consider these issues in the first instance.

In the course of oral argument before us, there was a colloquy between the Court and counsel for the plaintiff relating to the possibility of his offering further evidence in the district court in case of a remand.

30

The colloquy consisted, in part, of the following exchange:

Judge: [D]o you want a chance to go back and augment the record on summary judgment in order further to establish your point, which is that [the plaintiff] was speaking as a citizen and not within her duties, or do you say that there is plenty there now and we can decide on that basis that she was not [speaking within the scope of her official duties]?

Counsel: I know sometimes it is not wise to reject a second bite at the apple, but I think here, as I review this record, I think that there is enough to say that defendants' argument is . . .

Judge: I know that. I am asking you, do you want a second bite at the apple, or do you say that you don't need it?

Counsel: I don't think I need it, because I don't know what else we need for this record to make the argument.

We leave it to the district court's discretion to determine whether any such augmentation of the record before it will be required. In addition, if necessary, the district court should address on remand the defendants' argument that evidence in the record does not satisfy the requirement that a majority of defendants were substantially motivated to terminate the plaintiff because of her speech. *See Coogan v. Smyers,* 134 F.3d 479, 485 (2d Cir. 1998); *Jeffries v. Harleston,* 52 F.3d 9 (2d Cir.1995).

Following the district court's decision, any party to this appeal may restore jurisdiction to this Court within thirty days by letter to the Clerk's Office seeking review. The letter will inform the Clerk that the case will be heard by this panel upon letter briefs to be filed according to a schedule set by the Clerk. *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

Accordingly, the judgment of the district court is hereby **VACATED** and **RE-MANDED** for further proceedings consistent with this order.